(Reap. Dec. 10707)

W. J. BYRNES & Co.
EVJU PRODUCTS COMPANY ET AL. } *v.* UNITED STATES

Entry No. 799, etc.

(Decided April 7, 1964)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation of submission, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

1. That the merchandise the subject of the appeals enumerated on Schedule "A" annexed consists of birch plywood exported from Finland.

2. That this stipulation is limited to the birch plywood described on Schedule "B" annexed; that as so limited the merchandise and the issues are the same in all material respects as those involved in *United States* v. *Plywood & Door Manufacturers Corporation*, 46 Cust. Ct. 797, A.R.D. 133, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act.

of 1956 (T.D. 54521) ; that said merchandise was imported both before and after the effective date of said act.

4. That the export value of said merchandise, as defined in section 402(d), Tariff Act of 1930, or 402a(d), Tariff Act of 1930 as amended by said Customs Simplification Act, is equal to the price indicated in the column headed "Price per M sq. ft." in Schedule "B", less the proportionate part of the items of ocean freight, marine insurance (if any) and consular fee (if any) as invoiced; that no foreign value, as defined in section 402(c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, or 402a(c), Tariff Act of 1930 as amended by the Customs Simplification Act of 1956, existed for the involved merchandise.

5. That the appeals may be submitted upon this stipulation, the same being limited to the merchandise described in said Schedule "B" and abandoned in all other respects.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the birch plywood in question is statutory export value and hold that such value therefor is equal to the price set forth in the column headed "Price Per M Sq. Ft." in schedule "B," hereto attached and made a part hereof, "less the proportionate part of the items of ocean freight, marine insurance (if any) and consular fee (if any) as invoiced."

As to all merchandise, other than that hereinabove identified and included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.